IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02650-TPO

RONNEY E. VALMACEDA-NARANJO,

　　　Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD BLANCHE, Acting U.S. Attorney General,

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

WARDEN,
Denver Contract Detention Facility,

JOHN FABBRICATORE, Field Office Director,
U.S. Immigration and Customs Enforcement, and

U.S. DEPARTMENT OF HOMELAND SECURITY,

in their official capacities,

　　　Respondents.

---

## MINUTE ORDER

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on July 6, 2026.**

　　　Based on the Tenth Circuit's decision in *Quiroz v. Mullin*, -- F. 4th --, 2026 WL 1876709 (10th Cir. June 30, 2026), the Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is now foreclosed. This Court finds, consistent with *Quiroz*, the Petitioner is detained pursuant to 8 U.S.C § 1226(a) and is entitled to a bond redetermination hearing. The Petition therefore is **granted**.

　　　The Court orders that: 1) Respondents shall conduct such hearing within four business days of this Order, by **July 10, 2026**, and 2) the burden of proof shall be on the government to demonstrate by clear and convincing evidence that continued detention is justified, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at **4-5 (D. Colo. Feb. 24,

2026) (collecting cases). If Petitioner is not provided a bond determination hearing within this time, the Respondents **shall release** Petitioner. *See Quiroz*, 2026 WL 1876709, at \*17 n.13 (remanding to district court to order government to either provide a bond hearing or else release the petitioner).

The Parties shall file a status report within five business days of this Order, by **July 13, 2026**, apprising the Court on whether the bond hearing was held, the result of such hearing, and/or whether Petitioner was released because of such hearing or in compliance with this Order.

All other claims raised by Petitioner are denied as moot.