IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02650-TPO

RONNEY E. VALMACEDA-NARANJO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD BLANCHE, U.S. Attorney General,

DAVID VENTURELLA, Acting Director,
U.S. Immigration and Customs Enforcement,

WARDEN,
Denver Contract Detention Facility,

GEORGE VALDEZ, Field Office Director,
U.S. Immigration and Customs Enforcement, and

U.S. DEPARTMENT OF HOMELAND SECURITY,

in their official capacities,

Respondents.

---

**MINUTE ORDER**

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on November 17, 2026.**

Before the Court is Petitioner's Emergency Motion to Enforce Judgment and for Immediate Compliance or, in the Alternative, for Status Conference [ECF 13]. In the Motion, Petitioner notes that this Court granted the Petition for Writ of Habeas Corpus [ECF 1] and ordered Respondents to conduct a bond determination hearing by July 10, 2026, with the government to bear the burden to justify continued detention by clear and convincing evidence. ECF 13 at 1 (citing ECF 10). Petitioner asserts that although the bond hearing went forward in a timely fashion, the bond hearing "did not comply with the constitutional requirements mandated by this Court's Order." *Id.* at 10.

On September 7, 2026, Respondents filed a Response [ECF 14] in which they failed to oppose Petitioner's Motion. As a result, the Court finds that any opposition to the Motion is

waived. *See Liu v. Bondi*, No. 26-143 JB/GJF, 2026 WL 878280, at *5 (D.N.M. Mar. 31, 2026) (citing *United States v. Gordon*, 710 F.3d 1124, 1150 (10th Cir. 2013)); *Gagandeep Singh v. Castro*, No. 26-cv-00168 JB/JFR, PFRD 5-6 (Dkt. No. 15) (D.N.M. Feb. 19, 2026) (Robbenhaar, J.); *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) (concluding that Respondents "waived any arguments they might otherwise have had in response to [the claims that the petitioner raised in his petition] by expressly declining to respond to [the petitioner's] claims and his arguments in support of those claims.") (citing *McKissick v. Yuen*, 618 F.3d 11177, 1189 (10th Cir. 2010)).

In the absence of a substantive objection, the Court **grants** Petitioner's Motion to Enforce [ECF 13] and **ORDERS** that Respondents release Petitioner within 48 hours of the present Order, i.e., **by November 19, 2026**.

By **November 20, 2026**, the Parties will submit a Joint Status Report to confirm Petitioner's release and compliance with this Court's Order.

Petitioner's Motion for Expedited Ruling on Emergency Motion to Enforce Judgment [ECF 15] also is **granted**.